United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA C. WOOD, and "TP," a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>Defendants. | Case No. 19-cv-07597-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART COUNTY DEFENDANTS' MOTION TO DISMISS; GRANTING BAINS'S MOTION TO DISMISS; GRANTING STATE'S MOTION TO DISMISS; AFFORDING PLAINTIFFS LEAVE TO FILE AMENDED COMPLAINT; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court are three motions to dismiss plaintiffs' complaint: (1) defendants County of Contra Costa ("County"), Kellie Case ("Case"), Edyth Williams ("Williams"), and Cecilia Gutierrez's ("Gutierrez") (collectively, "County Defendants") Motion, filed December 16, 2019; (2) defendants Erica Bains and Ravinder Bains's Motion, filed December 24, 2019; and (3) defendant State of California's ("State") Motion, filed February 18, 2020, and amended February 19, 2020. The motions have been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

**BACKGROUND**

**A. Plaintiffs' Complaint**

Plaintiffs are Andrea Wood ("Wood") and TP, her minor son who appears through Liza Leano, his guardian ad litem. Plaintiffs allege that, in addition to TP, Wood has two

---

[1] By Clerk's notice filed March 18, 2020, the Court vacated the April 10, 2020, hearing on the motions.

other children, specifically "son HP (b. 2004), and daughter KP (b. 2010)." (See Compl. ¶ 22.) Plaintiffs further allege that, on August 17, 2017, all three children were removed from Wood's home without a warrant (see Compl. ¶¶ 51, 55, 57) and that defendants thereafter attempted to "coerce" TP and HP to falsely testify about Wood in "the ensuing court proceedings" (see Compl. ¶¶ 59-61, 65-71). According to plaintiffs, TP was "released back" to Wood in December 2017 (see Compl. ¶ 63), while HP was "sent to live" with Erica and Ravinder Bains, who are HP's "foster care parents" (see Compl. ¶¶ 80-81).[2]

Based on the above, plaintiffs assert seven federal claims, which claims are based on (1) the alleged manner in which the children were removed from the home, (2) the allegedly coercive tactics used in an attempt to cause TP and HP to testify falsely about Wood, and (3) the alleged unconstitutionality of a California statute pertaining to dependency proceedings; plaintiffs also allege one state law claim, based on the manner in which TP was removed from his home.

**B. State Court Proceedings**

On August 17, 2017, the Contra Costa County Children and Family Services Bureau filed in state court three petitions pursuant to California Welfare and Institutions Code § 300 (see State's Req. for Judicial Notice, Ex. B at 1),[3] which section sets forth the circumstances under which a state court may find a minor is a "dependent child of the court." See Cal. Welf. & Inst. Code. § 300. The petitions alleged, inter alia, that Wood had "repeatedly hit" HP and KP "with a paddle, spoon or her hand." (See id.)

On August 18, 2017, the juvenile court issued a "detention order" (see id.), and, on

---

[2]The complaint does not allege what determination the state court has made with respect to KP, Wood's daughter. As set forth below, according to the docket of the state court proceedings, KP was placed in foster care.

[3]The Court grants the State's request, unopposed by plaintiffs, to take judicial notice of the dockets for California Court of Appeal Case Nos. A155450 and A159048, as well as orders issued by the Court of Appeal. See Rosales–Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014) (holding courts "may take judicial notice of judicial proceedings in other courts").

2

March 8, 2018, following a "jurisdictional" hearing, "sustained" the allegations in the petitions filed with respect to HP and KP (see id.; Ex. D at 1).[4] On August 14, 2018, the juvenile court issued a "dispositional order removing HP and KP from [Wood's] care and continuing their placement in foster care." (See id. Ex. A at 2.) Thereafter, Wood filed an appeal from the juvenile court's detention, jurisdictional, and dispositional orders, and, on January 21, 2020, the California Court of Appeal affirmed those orders. (See id. Ex. A at 1, 4.)

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be

---

[4] The juvenile court dismissed the petition filed with respect to TP. (See id. Ex. A at 5.)

3

enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

The Court considers in turn each claim alleged in the complaint.

**A. First Cause of Action**

The First Cause of Action, titled "Deprivation of Right to be Secure from Unreasonable Seizures[;] 42 U.S.C. § 1983 – Fourth Amendment," is asserted by both plaintiffs against the County and against Gutierrez, a social worker employed by the County. The claim is based on plaintiffs' allegation that they were deprived of their "right to be free from unreasonable seizure" when Gutierrez and unnamed "Sheriffs," acting under a "policy, practice or custom" that violates the Fourth Amendment, "forcibly seized the minor child TP from [ ] Wood's home," without a warrant and without TP's having "suffered serious injury or illness" or there existing "a threat of future such injury or illness" as to him. (See Compl. ¶¶ 51, 86, 89-90.)

**1. Wood**

County Defendants argue Wood lacks standing to assert a claim that is predicated on an alleged deprivation of TP's right to be free from unreasonable seizures.[5] The Court agrees, as "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." See Rakas v. Illinois, 439 U.S. 128, 133-34 (1978); see also, e.g., Smith v. City of Fontana, 818 F.2d 1411, 1416–17 (9th Cir.1987) (holding children of individual allegedly subjected to excessive force in violation of Fourth Amendment lacked standing to assert claim for such alleged violation), overruled on other grounds by Hodgers–Durgin v. de la Vina, 199 F.3d 1037 (9th Cir.1999).

Accordingly, to the extent the First Cause of Action is asserted on behalf of Wood, the claim is subject to dismissal.

---

[5]Plaintiffs do not allege that Wood was seized.

4

**2. TP**

County Defendants argue TP's Fourth Amendment claim is barred by res judicata and by the statute of limitations, and, in addition, that insufficient facts are alleged to support a finding that the County can be held liable for the alleged unreasonable seizure.[6]

**a. Preclusion**

County Defendants argue TP's claim is barred by res judicata, in light of the dismissal entered in a prior action filed in this District by Wood, titled Wood v. County of Contra Costa, Case No. 19-4266 MMC ("Prior Action").

"Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." United States v. Liquidators of European Federal Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011) (internal quotation and citation omitted). The Prior Action, however, was dismissed for lack of subject matter jurisdiction under the "Rooker-Feldman" doctrine (see Order, Case No. 19-4266 MMC, filed October 8, 2019, at 4:7 – 7:21),[7] and a dismissal for lack of subject matter jurisdiction does not "operate[ ] as an adjudication on the merits," see Fed. R. Civ. P. 41(b); Costello v. United States, 365 U.S. 265, 285-86 (1961) (holding, where claim alleged in first action was dismissed for lack of subject matter jurisdiction, res judicata did not bar plaintiff from realleging claim in subsequent action).

Accordingly, to the extent the First Cause of Action is asserted on behalf of TP, it is not barred by res judicata.

//

---

[6]County Defendants also argue TP is not entitled to recover damages beyond the date the state court issued its detention order. As the time period for which damages are sought is not set forth in the complaint, this argument, irrespective of its strength, is premature.

[7]As explained in the Prior Action, under the Rooker-Feldman doctrine, a district court lacks subject matter jurisdiction to consider claims that can succeed "only to the extent that [a] state court wrongly decided the issues before it." (See id. at 5:24 – 6:5.) In the Prior Action, the Court found "[e]ach of Wood's claims [was] based on the theory that the decisions rendered in [the] state court [dependency proceedings] were wrong and that such decisions caused injury to Wood" (see id. at 6:15-16).

5

**b. Statute of Limitations**

County Defendants argue TP's claim is barred by the statute of limitations.

As set forth in Hardin v. Straub, 490 U.S. 536 (1989), "Congress [has] determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law." Id. at 538. As Congress has not created a statute of limitations for § 1983, "[l]imitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules." See id. (internal quotation and citation omitted). For § 1983 claims filed in California, the appropriate statute of limitations is California's two-year statute of limitations. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).

Here, the claim is based on TP's seizure, which is alleged to have occurred on August 17, 2017. Where a claim brought under § 1983 is based on an allegedly unlawful "seizure," such claim accrues on the date the seizure occurs, see Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir. 1983), and, consequently, TP's Fourth Amendment claim accrued on August 17, 2017. As the instant action was filed on November 19, 2019, a date more than two years after the seizure, TP's claim, in the absence of an exception to the statute of limitations, is barred. In that regard, plaintiffs argue an exception exists under § 352 of the California Code of Civil Procedure, under which, if a person is "under the age of majority" at the time a claim accrues, "the time of the disability [of minority] is not part of the time limited for the commencement of the action." See Cal. Code of Civ. Proc. § 352(a). As TP was less than eighteen years old at the time of the alleged seizure, and presently is less than eighteen years old, the statute of limitations, if § 352 is applicable, has not begun to run on his claim.

County Defendants contend, however, application of § 352 in the instant case would be inconsistent with federal policies, which they identify as "plac[ing] a premium on the government's ability to inform itself of the claims against it" and "swiftly resolv[ing] any litigation that may impose financial harm." (See County Defs.' Mot. at 9:11-13.)

Where a federal statute borrows state limitations law, courts "should not unravel

6

state limitations rules unless their full application would defeat the goals of the federal statute at issue." See Hardin, 490 U.S. at 539. The goals of § 1983 are "compensating persons whose constitutional rights have been violated" and "deterring officials' unconstitutional behavior." See id. at 542. In Hardin, the Supreme Court held application of a state statute providing for tolling during the period of time in which a plaintiff is a prisoner did not defeat either of the goals of § 1983, as such tolling statute "enhance[d] the inmate's ability to recover damages for injuries" and "the risk that [a defendant] might be haled into court indefinitely is more likely to check misbehavior than the knowledge that he or she might escape a challenge to that conduct within a brief period of time." See id. at 543. Thereafter, the Sixth Circuit, applying the reasoning set forth in Hardin, found a state "minority tolling statute" likewise did not "undermine" either of § 1983's goals of compensation and deterrence. See Bishop v. Children's Center for Developmental Enrichment, 618 F.3d 533, 537 (6th Cir. 2010).

Here, County Defendants fail to show application of California's minority tolling statute would defeat either of the goals of § 1983; indeed, County Defendants make no mention of such goals. Rather, as noted, County Defendants rely on the more general interest in prompt notice and resolution of claims. As the Supreme Court has explained, however, although there is a "federal interest in disposing of all litigation in the federal courts as expeditiously as possible," the "interest in prompt adjudication cannot properly be characterized as a separate interest that is 'inconsistent' with [a state's] tolling provision[s]; rather, it is one of the interests that [a state] has weighed in arriving at the limitations policy that federal courts must borrow." See Hardin, 490 U.S. at 542 n.10.

Accordingly, no showing having been made as to how application of California's minority tolling statute would undermine the goals of § 1983, the Court finds TP's claim is timely.

### c. Municipal Liability

As noted, plaintiffs allege TP was "seized" by Gutierrez and unnamed "Sheriffs," all of whom are alleged to have acted under an unconstitutional "policy, practice, or

custom." (See Compl. ¶¶ 86, 89.) County Defendants argue plaintiffs have failed to plead sufficient facts to support a finding that any deprivation of TP's Fourth Amendment rights occurred as a result of a municipal policy, practice, or custom.

A municipality is subject to liability under § 1983 where the alleged constitutional violation is the result of an official policy or custom. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690-91 (1978). A plaintiff establishes municipal liability where a municipal employee "commit[s] the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." See Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir.1992) (internal quotation and citation omitted). At the pleading stage, the plaintiff must allege "plausible facts" to identify the nature of the alleged "policy or custom." See AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012).

Here, the only allegations in the complaint alluding to the nature of the alleged municipal policy or custom are that the County has a "policy or custom which does not require a consideration of statutory requirements of serious harm or substantial risk." (See Compl. ¶ 86.) Said allegation, however, is a "legal conclusion couched as a factual allegation," and, as such, is not "accept[ed] as true" for purposes of a motion to dismiss. See Iqbal, 556 U.S. at 678.[8]

Accordingly, to the extent the First Cause of Action is alleged against the County, the claim is subject to dismissal.

### d. Conclusion

To the extent the First Cause of Action is alleged on behalf of TP against Gutierrez, the First Cause of Action is not subject to dismissal. In all other respects, however, the First Cause of Action is subject to dismissal.

---

[8]Moreover, plaintiffs appear to contradict such conclusory assertion by alleging that, "[a]ccording to their training, [ ] Gutierrez and the Sheriffs knew of the legal standards required to warrant the seizure of children." (See Compl. ¶ 52.)

8

**B. Second Cause of Action**

The Second Cause of Action, titled "Deprivation of Right to Due Process – Re: The Seizure[;] 42 U.S.C. § 1983 – Fifth and Fourteenth Amendments," is asserted by both plaintiffs against the County and Gutierrez. The claim is based on plaintiffs' allegation that Wood was deprived of "her fundamental right to parent" when her children were removed from her home by Gutierrez and sheriffs, and that TP was deprived of "his fundamental right to be parented" when he was removed. (See Compl. ¶ 94.) County Defendants contend plaintiffs have failed to state a cognizable claim on behalf on behalf of either Wood or TP.

At the outset, the Court notes that plaintiffs, in their opposition to County Defendants' motion, stated they have no opposition to dismissal of the claim to the extent it is asserted on behalf of TP. (See Pls.' Opp. to County Defs.' Mot. at 14:21.)

Accordingly, the Court will grant as unopposed County Defendants' motion to dismiss the claim to the extent asserted on behalf of TP.

With respect to Wood, County Defendants argue the claim is barred by the applicable two-year statute of limitations. As the claim is based on the removal of the children, it accrued on the date of the removal, i.e., August 17, 2017, as that is the date on which Wood's alleged damages began. See Wallace v. Kato, 549 U.S. 384, 391 (2007) (holding § 1983 claim accrues "when the wrongful act or omission results in damages . . . even though the full extent of the injury is not then known or predicable"); Claraty v. Hall-Mills, 2019 WL 1228237, at *4 (N.D. Cal. March 15, 2019) (citing cases holding claims "based on child removal" accrue "when the child is removed from the parent").

As plaintiffs filed the instant action on November 19, 2019, the Second Cause of Action is, in the absence of an exception to the statute of limitations, time-barred. In that respect, plaintiffs do not contend the complaint includes facts to support a finding that any such exception applies. Rather, in what appears to be an offer of proof as to what plaintiffs could allege in an amended complaint, plaintiffs cite to a declaration by Wood

9

submitted with plaintiffs' opposition, in which declaration Wood states that her "previous litigation against [the] County," a reference to the Prior Action, was "drafted by a man who told [Wood] he was an attorney" but who "has never been a lawyer." (See Wood Decl. ¶ 2.) Plaintiffs fail to explain how such factual allegations, if alleged in an amended complaint, would support a finding that an exception to the statute of limitations exists. Further, to the extent plaintiffs' opposition references the doctrine of equitable tolling, the Court observes that such doctrine appears inapplicable, as the Prior Action was found to be frivolous (see Order, Case No. 19-4266 MMC, filed October 15, 2019, at 2:23-3:14, 4:11-14, 4:23-5:3), and the doctrine of equitable tolling only applies where, "possessing several legal remedies [a plaintiff], reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage," see Addison v. State of California, 21 Cal. 3d 313, 317 (1978).

Accordingly, the Second Cause of Action is subject to dismissal.

### C. Third Cause of Action

The Third Cause of Action, titled "Deprivation of Right to Due Process – Re: The Coercion[;] 42 U.S.C. § 1983 – Fifth and Fourteenth Amendments," is asserted by both plaintiffs against the County, Case, a social worker employed by the County, Williams, also a social worker employed by the County, and Erica Bains, a neighbor of Wood. The claim is based on plaintiffs' allegation that Case, Williams, and Erica Bains "coerc[ed]" HP to testify falsely in the dependency proceedings (see Compl. ¶¶ 5, 110), and attempted to "coerce" TP to testify falsify (see Compl. ¶¶ 59-60), causing both children to suffer emotional distress.

#### 1. Wood

County Defendants argue Wood lacks standing to seek relief based on the alleged deprivation of her children's rights to due process. As "constitutional rights are personal and may not be asserted vicariously," see Broadrick v. Oklahoma, 413 U.S. 601, 610 (1973), the Court agrees, see also, e.g., Olga C. v. County of Santa Clara, 701 Fed. Appx. 551, 553 (9th Cir. 2017) (holding mother "[did] not have standing to assert

10

1 constitutional claims based on the harm her daughter allegedly suffered as a result of her

2 placement in foster care").

Accordingly, to the extent the Third Cause of Action is alleged on behalf of Wood, the claim is subject to dismissal.[9]

**2. TP**

As set forth above, constitutional rights are personal. Consequently, although TP has standing to seek relief for the deprivation of his own due process rights, i.e., the coercive tactics allegedly used against him, TP lacks standing to seek relief for the alleged deprivation of HP's due process rights.

Defendants next argue TP's claim is subject to dismissal for failure to allege sufficient facts to state a cognizable claim. As set forth below, the Court agrees.

First, with respect to Case and Williams, the sole allegation against them is that, after TP had been removed from his home, they "began attempting to coerce [him] into testifying falsely about [ ] Wood at the ensuing court proceedings." (See Compl. ¶ 59.) As said allegation is a "legal conclusion couched as a factual allegation," it is not "accept[ed] as true" for purposes of a motion to dismiss. See Iqbal, 556 U.S. at 678.

Next, with respect to the County, the sole allegation is that Case and Williams "acted according to policy and custom which does not consider whether or not conduct might violate the constitutional rights of those affected." (See Compl. ¶ 104.) Said allegation is, again, a "legal conclusion couched as a factual allegation," and, consequently, is not "accept[ed] as true" for purposes of a motion to dismiss. See Iqbal, 556 U.S. at 678.

Lastly, with respect to Erica Bains, plaintiffs allege she "told [TP] to lie, and to say

---

[9]In their opposition, plaintiffs argue their right to "family unity" was "destroyed by the coercion." (See Pls.' Opp. to County Defs.' Mot. at 16:26-27.) As no such claim is pleaded in the complaint, the Court does not address whether such a claim could be cognizable, other than noting that the issue of whether the state court erred in finding HP was credible has been resolved by the California Court of Appeal, on two occasions, against Wood. (See County Defs.' Supp. Req. for Judicial Notice Ex. A at 6-7; State's Req. for Judicial Notice Ex. D at 3.)

11

1 that his mother hit him." (See Compl. ¶ 60.) Even assuming such conduct can be
2 characterized as "coercion," plaintiffs fail to allege any facts to support a finding that Erica
3 Bains, a private party who is a neighbor of Wood, "act[ed] under color of state law." See
4 West v Atkins, 487 U.S. 42, 48 (1988) (setting forth elements necessary to state claim
5 under § 1983). There are no facts alleged to show, for example, any agreement between
6 Erica Bains and County officials to coerce TP to testify falsely. See Simmons v.
7 Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (affirming
8 dismissal of § 1983 claim against private party where plaintiff failed to allege sufficient
9 facts to support finding said defendant was "acting under color of state law"; finding
10 insufficient "conclusory assertions that the [private party] was conspiring with state
11 officials to deprive [plaintiff] of due process").

Accordingly, the Third Cause of Action is subject to dismissal.

### D. Fourth Cause of Action

The Fourth Cause of Action, titled "Conspiracy to Deprive the Plaintiffs of Civil Rights[;] 42 U.S.C. § 1983 – Fifth and Fourteenth Amendments," is asserted by both plaintiffs against the County, Case, Williams, Erica Bains, and Ravinder Bains. As pleaded, the claim is derivative of the Second and Third Causes of Action, i.e., the claims brought under the Fifth and Fourteenth Amendments.

With respect to the County, Case, and Williams, the claim is subject to dismissal for the reasons the Second and Third Causes of Action are subject to dismissal. With respect to Erica Bains, the claim is subject to dismissal for the reasons the Third Cause of Action is subject to dismissal. With respect to Ravinder Bains, a private party who is a neighbor of Wood, the complaint includes no facts to support a finding he acted under color of state law. See id.

Accordingly, the Fourth Cause of Action is subject to dismissal.

### E. Fifth Cause of Action

The Fifth Cause of Action, titled "Declaratory Judgment[;] Facial and As-Applied Challenge to Cal. W. & I. Code (a)[;] Fifth, Fourteenth Amendments – Due Process/Void

for Vagueness," is asserted by Wood against the State. In said claim Wood seeks a declaration that California Welfare & Institutions Code § 300(a) is "unconstitutionally void for vagueness." (See Compl. ¶ 133.)

Under § 300 of the California Welfare & Institutions Code, if a "child has suffered, or there is a substantial risk that the child will suffer, serious physical harm inflicted nonaccidentally," see Cal. Welf. & Inst. Code § 300(a), the child "is within the jurisdiction of the juvenile court which may adjudge that person to be a dependent child of the court," see Cal. Welf. & Inst. Code. § 300. The section further states "a court may find there is a substantial risk of serious future injury based on the manner in which a less serious injury was inflicted, a history of repeated inflictions of injuries on the child or the child's siblings, or a combination of these and other actions by the parent or guardian that indicate the child is at risk of serious physical harm." See Cal. Welf. & Inst. Code § 300(a).

Plaintiffs allege the terms "serious physical harm" and "substantial risk of serious future injury," as set forth in § 300(a), are unconstitutionally vague, and that Wood is entitled to declaratory relief.[10]

The State argues the Fifth Cause of Action is subject to dismissal under the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).

"Younger and its progeny generally direct federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." See Hirsh v. Justices, 67 F.3d 708, 712 (9th Cir. 1995). Under the Younger doctrine, "abstention is appropriate in favor of a state proceeding if (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions." See Beltran v. California, 871 F.2d 777, 781 (9th Cir. 1988) (internal quotation and citation omitted).

---

[10]In its order affirming the juvenile court's finding of dependency as to HP and KP, the California Court of Appeal stated the juvenile court's finding was based on § 300(a). (See State's Req. for Judicial Notice Ex. B at 3.)

13

As set forth below, each of the above three requirements is met here, and, consequently, the Court will abstain from considering Wood's requests for issuance of declaratory relief with respect to the alleged unconstitutionality of §300(a).

First, although the instant federal action was filed on November 19, 2019, i.e., after the juvenile court had issued its decisions, those state court proceedings, for purposes of the Younger doctrine, are "ongoing," as Wood's appeal from the juvenile court's decisions was pending as of November 19, 2019. See id. at 781-82 (holding "Younger abstention requires that the federal courts abstain when state court proceedings were ongoing at the time the federal action was filed"; finding state court proceedings are "ongoing" when proceedings before state appellate court are pending on date federal complaint is filed).

Second, for purposes of the Younger doctrine, child custody proceedings implicate important state interests, as "[f]amily relations are a traditional area of state concern." See Moore v. Sims, 442 U.S. 415, 435 (1979); see also id. at 418-19 (holding, where parents alleged statutory procedures state court applied when it ordered children removed were unconstitutional, district court erred by not abstaining from hearing case).

Third, although the record is unclear whether Wood raised her constitutional challenge to § 300(a) during the state court dependency proceedings, Wood had an opportunity to do so. Indeed, Wood does not contend constitutional challenges cannot be raised in dependency proceedings, and such challenges have been raised and resolved in the course of dependency proceedings. See, e.g., In re Mariah T., 159 Cal. App. 4th 428, 434-38 (2008) (considering, on appeal from juvenile court's order finding child was dependent of court, merits of parent's argument that term "serious physical harm," as used in § 300(a) was unconstitutionally vague).

Lastly, although an exception to the Younger doctrine exists where "the state court proceeding is motivated by a desire to harass or is conducted in bad faith," see Juidice v. Vail, 430 U.S. 327, 338 (1977), plaintiffs, in their complaint, allege no facts to support a finding such exception applies, and, in their opposition, do not assert an exception exists.

Accordingly, the Fifth Cause of Action is subject to dismissal.

**F. Sixth Cause of Action**

The Sixth Cause of Action, titled "Declaratory Judgment[;] Facial and As-Applied Challenge to Cal. W. & I. Code [300] (b)[;] Fifth, Fourteenth Amendments – Due Process/Void for Vagueness," is asserted by Wood against the State. In said claim, Wood seeks a declaration that California Welfare & Institutions Code § 300(b) is "unconstitutionally void for vagueness." (See Compl. ¶ 143.)

In addition to or as an alternative to a finding of dependency based on the circumstances set forth in § 300(a), a state court, under § 300(b), may base such a finding on a showing of "substantial risk" that the child will suffer "serious physical harm or illness, as a result of the failure or inability of his or her parent . . . to adequately supervise or protect the child." See Cal. Welf. & Inst. Code § 300(b)(1).

Plaintiffs allege the terms "serious physical harm or illness" and "adequately supervise," as set forth in § 300(b), are unconstitutionally vague, and that Wood is entitled to declaratory relief.[11]

The State argues the Sixth Cause of Action is barred by the Younger doctrine. For the reasons set forth above with respect to the Fifth Cause of Action, the Court agrees.

Accordingly, the Sixth Cause of Action is subject to dismissal.

**G. Seventh Cause of Action**

The Seventh Cause of Action, titled "Declaratory Judgment[;] Facial and As-Applied Challenge to Cal. W. & I. Code [300] (c)[;] Fifth, Fourteenth Amendments – Due Process/Void for Vagueness," is asserted by Wood against the State. In said claim, Wood seeks a declaration that California Welfare & Institutions Code § 300(c) is "unconstitutionally void for vagueness." (See Compl. ¶ 155.)

In addition to or as an alternative to a finding of dependency based on the circumstances set forth in § 300(a) and/or § 300(b), a state court, under § 300(c), may

---

[11]In its order affirming the juvenile court's finding of dependency as to HP and KP, the California Court of Appeal stated the juvenile court's finding was additionally based on § 300(b). (See State's Req. for Judicial Notice Ex. B at 3.)

base such a finding on a showing that "[t]he child is suffering serious emotional damage, or is at substantial risk of suffering serious emotional damage, evidenced by severe anxiety, depression, withdrawal, or untoward aggressive behavior toward self or others, as a result of the conduct of the parent." See Cal. Welf. & Inst. Code § 300(c).

Plaintiffs allege the term "serious emotional damage," as set forth in § 300(c), is unconstitutionally vague.[12]

The State argues the Seventh Cause of Action claim is barred by the Younger doctrine. For the reasons set forth above with respect to the Fifth Cause of Action, the Court agrees.

Accordingly, the Seventh Cause of Action is subject to dismissal.

## H. Eighth Cause of Action

The Eight Cause of Action, titled "False Imprisonment," is asserted by TP against the County, and is based on the allegation that county employees "intentionally deprived TP of his freedom of movement by use of force, and threats of force[,] when they forcibly entered the family home and took him into custody." (See Compl. ¶ 169.)

The California Government Code provides, with limited exceptions not applicable here, that "all claims for money or damages against local public entities" must be "presented" to the public entity, see Cal. Gov't Code § 905, and that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board," see Cal. Gov't Code § 945.4. Where a plaintiff fails to allege compliance with the claim presentation requirement, his state law claims for damages against the public entity are barred. See Ortega v. O'Connor, 764 F.2d 703, 707 (9th

---

[12]In its decision affirming the juvenile court's finding of dependency as to HP and KP, the California Court of Appeal did not indicate whether such finding was based on § 300(c). (See State's Req. for Judicial Notice Ex. B.) The Court construes plaintiffs' complaint as alleging the juvenile court's finding was based, at least in part, on § 300(c).

Cir.1985) (holding failure to comply with claim presentation requirement constitutes bar to maintaining state law claim for damages against government entity), rev'd in part on other grounds, 480 U.S. 709 (1987).

Here, TP seeks damages from the County as relief for his alleged false imprisonment. Plaintiffs, however, do not allege TP has presented a claim to the County, and, in their opposition, acknowledge he has not presented such a claim. (See Pls.' Opp. to County Defs.' Mot. at 24:22-23.)

Accordingly, the Eighth Cause of Action is subject to dismissal.

## CONCLUSION

For the reasons stated above:

1. County Defendants' motion to dismiss is hereby GRANTED as to all claims asserted against them, with the exception of the First Cause of Action to the extent it is asserted on behalf of TP and against Gutierrez, as to which claim the motion is DENIED;

2. Erica and Ravinder Bains's motion to dismiss is hereby GRANTED; and

3. The State's motion to dismiss is hereby GRANTED.

Should plaintiffs seek to file an amended complaint for purposes of curing any of the deficiencies set forth above, any such First Amended Complaint shall be filed no later than April 17, 2020. If plaintiffs do not file a First Amended Complaint by said deadline, the instant action will proceed on the remaining portion of the First Cause of Action, and Gutierrez shall file her answer thereto no later than May 1, 2020.

In light of the above, the Case Management Conference is hereby CONTINUED from April 24, 2020, to June 12, 2020, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than June 5, 2020.

**IT IS SO ORDERED.**

Dated: March 30, 2020

MAXINE M. CHESNEY
United States District Judge

17