IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA WOOD, and "TP," a minor,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>Defendants. | Case No. 19-cv-07597-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART AS MOOT DEFENDANTS' MOTIONS TO DISMISS; DIRECTIONS TO CLERK** |

Before the Court are the following three motions to dismiss plaintiffs' First Amended Complaint ("FAC"): (1) defendants County of Contra Costa, Office of the Sheriff, David Livingston, Kellie Case, Edyth Williams, Cecilia Gutierrez, and Acacia Chidi's (collectively, "County Defendants") Motion, filed May 18, 2020; (2) defendants Erica Bains and Ravinder Bains's Motion, filed May 18, 2020; and (3) defendants State of California, Kim Johnson, California Health and Human Services, and Mark Ghaly's (collectively, "State Defendants") Motion, filed May 18, 2020. The motions have been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

By order filed concurrently herewith, the Court has dismissed without prejudice the claims asserted by plaintiff TP, a minor, as plaintiffs no longer have counsel appearing on their behalf.[2] Accordingly, to the extent the motions seek dismissal of TP's claims, the

---

[1] By order filed July 16, 2020, the Court took the matters under submission.

[2] After the instant motions were fully briefed, plaintiffs' counsel passed away, and, thereafter, no attorney has filed an appearance on their behalf.

motions will be denied as moot.

The Court next turns to the motions as they pertain to the claims asserted by plaintiff Andrea Wood ("Wood"):

1. The First Cause of Action,[3] by which Wood asserts violations of the Fourth Amendment based on the seizure of her children and the search of her home, which events occurred on August 17, 2017, is, (1) to the extent based on the seizure, subject to dismissal for lack of standing (see March 30, 2020 Order ("March 30 Order") at 4:17-24), and (2) to the extent based on the search, barred by the applicable two-year statute of limitations (see March 30 Order at 6:3-10). Although Wood was afforded an opportunity to allege facts to support an exception to the statute of limitations (see March 30 Order at 9:24-10:12), she has not alleged in the FAC facts sufficient to support any such exception.

2. The Second Cause of Action, by which Wood asserts violations of the Due Process Clause based on the seizure of her children, is, for the same reasons as set forth above as to the First Cause of Action, barred by the statute of limitations. (See March 30 Order at 9:15-25.)

3. The Third Cause of Action, by which Wood now asserts violations of the Due Process Clause based on the theory that defendants violated her right to "family unity" (see FAC ¶ 142) by allegedly coercing Wood's son HP into falsely testifying against her in a dependency proceeding, is, for the reasons stated by the County Defendants, barred by the "Rooker-Feldman doctrine," in that the state trial court found HP's testimony was credible and not coerced, which finding was affirmed by the California Court of Appeal. (See State Defs.' Req. for Judicial Notice, filed February 28, 2020, Ex. B at 3, Ex. D at

//

---

[3] The First through Seventh Causes of Action are titled as they were in the initial complaint. The Eighth Cause of Action, titled "Declaratory Judgment[;] Facial and As-Applied Challenge to Cal. W & I Code § 300[;] Sixth Amendment – Right to a Jury Trial, Right to Confront Accusers, Right to Compel Witnesses, Right to an Attorney," is alleged for the first time in the FAC.

1  3);[4] see also Cooper v. Ramos, 704 F.3d 772, 781-82 (9th Cir. 2012) (affirming, under "Rooker-Feldman doctrine," dismissal of claim that could "succeed[ ] only to the extent that the state court wrongly decided the issues before it").

4. The Fourth Cause of Action, by which Wood asserts defendants conspired to deprive her of the rights on which the First, Second, and Third Causes of Action are based, is subject to dismissal for the reasons stated above with respect to the First, Second, and Third Causes of Action.

5. The Fifth, Sixth, and Seventh Causes of Action, by which Wood seeks a declaration, respectively, that California Welfare & Institutions Code §§ 300(a), 300(b), and 300(c) are unconstitutional, are, for the reasons stated by the State Defendants and in the Court's prior order (see March 30 Order at 13:18-14:27), barred under the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971). See Beltran v. California, 871 F.2d 777, 781 (9th Cir. 1988) (holding, under Younger, "abstention is appropriate in favor of a state proceeding if (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions") (internal quotation and citation omitted).

6. The Eighth Cause of Action, by which Wood challenges the dependency proceedings as violative of the Sixth Amendment, is, for the reasons stated by the State Defendants, barred by the abstention doctrine set forth in Younger.  Moreover, by its terms, the Sixth Amendment applies only in "criminal proceedings."  See U.S. Const. amend. VI (providing, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed"); see also Meyers v. Contra Costa County Dep't of Social Services, 812 F.2d 1154, 1156-57 (9th Cir. 1987) (noting dependency proceedings are

---

[4]The Court takes judicial notice of the dockets for California Court of Appeal Case Nos. A155450 and A159048, as well as orders issued by the Court of Appeal.  See Rosales–Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014) (holding courts "may take judicial notice of judicial proceedings in other courts").

not "criminal proceedings").

## CONCLUSION

For the reasons stated:

1. To the extent defendants seek dismissal of TP's claims, the motions are hereby DENIED as moot.

2. To the extent defendants seek dismissal of Wood's claims, the motions are hereby GRANTED, and Wood's claims are DISMISSED without further leave to amend.

The Clerk of Court is DIRECTED to close the file.

**IT IS SO ORDERED.**

Dated: October 14, 2020

MAXINE M. CHESNEY
United States District Judge